IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Betty Sue Francis, | ) | Civil Action No. 9:14-cv-01963-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER AND OPINION** |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Betty Sue Francis ("Plaintiff") filed this action seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  (ECF No. 1.)

This matter is before the court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Bristow Marchant, issued in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a) D.S.C.  (ECF No. 18.)  On April 20, 2015, the Magistrate Judge recommended affirming the Commissioner's final decision denying Plaintiff's claim for Disability Insurance Benefits ("DIB").  (Id. at 27.)  Plaintiff timely filed objections to the Report, which objections are currently before the court.  (ECF No. 21.)  For the reasons set forth below, the court **ACCEPTS** the Report and **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for DIB.

I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The Magistrate Judge's Report contains a thorough recitation of the relevant factual and procedural background of this matter.  (See ECF No. 18 at 4–14.)    The court concludes, upon its own careful review of the record, that the Report's factual and procedural summation is accurate,

1

and the court adopts this summary as its own. The court will only reference herein background pertinent to the analysis of Plaintiff's claims.

Plaintiff was born on January 25, 1962, and is presently 53 years old. (ECF No. 10-5 at 2.) She filed an application for DIB on March 17, 2011[1], alleging disability since March 18, 2009, due to knee and ankle problems, bronchitis/asthma, and depression. (Id.; see also ECF No. 10-6 at 7.) Plaintiff's application was denied initially on July 8, 2011, and upon reconsideration on August 24, 2011. (ECF No. 10-4 at 4 & 8.) As a result, Plaintiff requested an administrative hearing. On December 4, 2012, Plaintiff had a hearing before an Administrative Law Judge ("ALJ"), Roseanne P. Gudzan ("ALJ Gudzan"), who found on June 28, 2012, that Plaintiff was not under a disability as defined by the Social Security Act ("SSA") because she "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy." (ECF No. 10-2 at 29 & 37.) Thereafter, the Appeals Council denied Plaintiff's request for review on March 12, 2014, making ALJ Gudzan's decision the final decision of the Commissioner for purposes of judicial review. (Id. at 2.)

Subsequently, on May 16, 2014, Plaintiff commenced an action in the United States District Court for the District of South Carolina pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of the Commissioner's final decision denying Plaintiff's claim for DIB. (ECF No. 1.) On April 20, 2015, the Magistrate Judge issued his recommendation that the Commissioner's final decision denying Plaintiff's claim for DIB be affirmed. (ECF No. 18.) Plaintiff filed timely Objections to the Magistrate Judge's Report on

---

[1] The Magistrate Judge observed that "Plaintiff filed a previous application for disability benefits which was denied by an Administrative Law Judge (ALJ) [Augustus C. Martin] in an order dated February 24, 2011, the day before her current alleged disability onset date." (ECF No. 18 at 1 n.1 (citing ECF No. 10-3 at 5–15).) Moreover, "[t]hat order was not appealed." (Id.) As a result, the Magistrate Judge concluded that "Plaintiff is precluded from alleging disability for any time prior to February 25, 2011." (Id. (citations omitted).)

May 7, 2015. (ECF No. 21.) The Commissioner filed a Reply to Plaintiff's Objections to the Magistrate Judge's Report and Recommendation on May 19, 2015. (ECF No. 23.)

## II.    LEGAL STANDARD

### A.    The Magistrate Judge's Report

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270–71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

### B.    Judicial Review of the Commissioner

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. See Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it is

supported by substantial evidence.  See Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).  "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted."  Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969).  "The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency."  Id.  "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational."  Vitek, 438 F.2d at 1157–58.

### III.    ANALYSIS

A.    The Magistrate Judge's Review

In the Report, the Magistrate Judge concluded that substantial evidence in the record supported ALJ Gudzan's determination "that, although Plaintiff does suffer from the 'severe' impairments of residuals of a left lower extremity fracture, right knee osteoarthritis, obesity, asthma, lumbar spine degenerative disc disease, and a bipolar disorder, thereby rendering her unable to perform any of her past relevant work, she nevertheless retained the residual functional capacity (RFC) to perform a reduced range of light work through the date she was last insured for purposes of obtaining DIB, and she was therefore not entitled to disability benefits."  (ECF No. 18 at 3–4 (citing ECF No. 10-2 at 18, 21 & 27–29).)  In support of his conclusion, the Magistrate Judge observed that ALJ Gudzan did not commit reversible error in finding that the opinion of Plaintiff's family/treating physician, Dr. Hong, was entitled to no weight because the limitations he set forth in a May 2012 medical questionnaire [2] regarding Plaintiff were

---

[2] The Magistrate Judge summarized Hong's assessment of Plaintiff as follows:

> Dr. Hong stated that he had diagnosed Plaintiff with asthma, low back pain and depression/anxiety. He further opined that Plaintiff could walk, stand and sit, all less than one hour without interruption.  He also opined that Plaintiff was unable to work an eight hour day, five day work week due to her severe asthma and low

unsupported by the evidence of record, including Dr. Hong's own treatment notes, and was

based primarily on Plaintiff's subjective complaints.[3]  (Id. at 15.)  In this regard, the Magistrate

Judge observed that "ALJ [Gudzan] noted Dr. Hong's own records showing that Plaintiff's

asthma and low back pain had been generally stable over time, and that she has received only

conservative treatment with no significant exacerbations or medication adjustments, no

hospitalizations, and no specialist treatment for these conditions."  (Id. (citing ECF No. 10-2 at

27).)  The Magistrate Judge further observed that "ALJ [Gudzan] . . . noted that Dr. Hong

specifically stated that he had not conducted any additional examination before completing the

medical questionnaire (which had been provided to him), that Plaintiff had not made an

appointment to specifically address the questions set forth in the questionnaire beforehand, and

that he had completed the report by 'patient history.'"  (Id. at 16 (referencing ECF No. 10-2 at 27

& ECF No. 10-9 at 38–41).)

The Magistrate Judge next addressed Plaintiff's assertion that ALJ Gudzan failed to

consider the findings made by ALJ Augustus C. Martin ("ALJ Martin") on February 24, 2011, in

his decision on Plaintiff's previous application for DIB wherein she was found to be limited to a

restricted range of sedentary work.  (Id. at 21 (referencing ECF No. 10-3 at 14).)  Upon his

> back pain.  He opined that Plaintiff could frequently lift less than five pounds,
> occasionally lift up to ten pounds, but never lift more than that; that Plaintiff was
> restricted in her ability to climb stairs/ladders and bend; that Plaintiff would be
> required to take a rest break every thirty minutes; that Plaintiff's impairments
> caused her to experience "severe" pain; that her condition was not expected to
> improve; and that he believed Plaintiff could perform less than a full range of
> sedentary work.  However, Dr. Hong further added in the comment section to this
> report that he does not do disability testing, that this report had been completed
> "by patient history", and that no appointment had been made to specifically
> address the questions set forth in the report.

(ECF No. 18 at 3 (referencing ECF No. 10-9 at 38–41).)
[3] In contrast, ALJ Gudzan gave great weight to the findings of state agency medical consultants
regarding Plaintiff's psychological and physical RFC.  (Id. at 18 (referencing ECF No. 10-2 at
26–27).)

review, the Magistrate Judge found that in according little weight to ALJ Martin's decision, "ALJ [Gudzan] specifically addressed the requirements of AR 00-1(4) [4], Albright[5] and Lively[6] in her decision, and found that 'the evidence of record fails to show ongoing problems associated with [Plaintiff's] physical impairments that would continue to limit her to sedentary work.'" (Id. at 22 (referencing ECF No. 10-2 at 23) ("As the physical findings are minimal and there were significant periods during which the claimant had no complaints of ankle pain, a limitation to

---

[4] In Acquiescence Ruling ("AR") 00-1(4), 2000 WL 43774 (S.S.A. Jan. 12, 2000), the SSA interpreted the decision by the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") in Albright v. Comm'r of the Soc. Sec. Admin., 174 F.3d 473 (4th Cir. 1999), "to hold that where a final decision of SSA after a hearing on a prior disability claim contains a finding required at a step in the sequential evaluation process for determining disability, SSA must consider such finding as evidence and give it appropriate weight in light of all relevant facts and circumstances when adjudicating a subsequent disability claim involving an unadjudicated period." Id. at *4. AR 00-1(4) further provides:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Id.

[5] In Albright v. Comm'r of the Soc. Sec. Admin., 174 F.3d 473 (4th Cir. 1999), the Fourth Circuit attempted to address AR 94-2(4), which operated to prevent claimants residing within the geographical con-fines of the Fourth Circuit from obtaining benefits on second and subsequent applications unless they could "produce new and material evidence" that their impairments increased in severity from the date of a prior unfavorable final determination. Albright, 174 F.3d at 475. In striking down the ruling, the Fourth Circuit explained that AR 94-2(4) "operates to mechanistically merge two claims into one" and "carves out an exception to the general rule that separate claims are to be considered separately." Id. at 476.

[6] The Fourth Circuit's ruling in Lively v. Sec'y of Health and Human Servs., 820 F.2d 1391 (4th Cir. 1987), resulted in the promulgation of AR 94-2(4).

work at the sedentary range is no longer supported").)   Moreover, the Magistrate Judge was

persuaded that the evidence of record supported ALJ Gudzan's finding that a limitation to light

work with the restrictions noted was appropriate and that a limitation to work at the sedentary

level was no longer supported.  (Id. at 23.)

Finally, the Magistrate Judge addressed Plaintiff's claim that ALJ Gudzan erred by failing

"to explain how she finds [Plaintiff] to be less than credible with regard to her physical

allegations."   (Id. at 24 (citing ECF No. 15 at 27).)   The Magistrate Judge emphasized the

appropriateness of ALJ Gudzan's analysis in that while she "did find that Plaintiff's medically

determinable impairments could reasonably be expected to cause some of the symptoms she

alleged, she found that Plaintiff's statements concerning the intensity, persistence and limiting

effects of those symptoms was not entirely credible based on the entire record, including both the

subjective and objective evidence."  (Id. at 25 (referencing ECF No. 10-2 at 22–23).)  Therefore,

the Magistrate Judge concluded that there was no reversible error "in the ALJ's treatment of the

subjective testimony given by the Plaintiff."  (Id.)

Based upon the foregoing, the Magistrate Judge recommended that the court affirm the

Commissioner because substantial evidence supported "the conclusion of the Commissioner that

the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant

time period."  (Id. at 27.)

B.    Plaintiff's Objections and the Commissioner's Response

Objections to the magistrate judge's report and recommendation must be specific.  See

U.S. v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (failure to file specific objections

constitutes a waiver of a party's right to further judicial review, including appellate review, if the

recommendation is accepted by the district judge); see also Camby, 718 F.2d at 199 (in the

absence of specific objections to the report of the magistrate judge, this court is not required to give any explanation for adopting the recommendation).

As to her first objection to the Report, Plaintiff asserts that the case should be remanded because ALJ Gudzan failed to comply with AR 00-1(4) since she did not cite to any specific evidence to support her finding that Plaintiff could perform a restricted range of light work, which decision was different from ALJ Martin's conclusion in February 2011 that Plaintiff was limited to sedentary work.  (ECF No. 21 at 1–2.)  In this regard, Plaintiff argues that "[d]espite the Magistrate's attempts to construct a rationale supporting the ALJ's dismissal of the prior ALJ determination, the ALJ in the present case simply failed to cite any specific evidence documenting significant improvement in . . . [Plaintiff's] condition supporting a significantly changed RFC finding."  (Id. at 2.)

Plaintiff's second objection seeks remand on the basis of ALJ Gudzan's assessment of weight accorded the opinion of Plaintiff's treating physician, Dr. Hong.  (ECF No. 21 at 3.)  Hong opined that Plaintiff was limited to walking less than 1 hour total, standing less than 1 hour total, and sitting for less than 1 hour.  (Id. (citing ECF No. 10-9 at 38).)  In contrast, "[t]he previous ALJ's decision [by Martin] states that . . . [Plaintiff] could sit for six hours and stand and walk occasionally with a sit/stand option."  (Id. (citing ECF No. 10-3 at 10).)  As a result of the aforementioned, Plaintiff argues that "while the ALJ is not required to give a treating physician's opinion great weight, she fails to properly discuss why the [Hong] opinion was granted no weight at all given the previous ALJ's findings."  (Id.)

Plaintiff's third objection asserts that the case should be remanded for a clarification of the ALJ's assessment of Plaintiff's credibility because "the ALJ was unclear as to whether he found that Plaintiff's impairments could reasonably be expected to produce the symptoms she

8

alleged." (Id. at 4–5 (quoting Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996) ("[F]or pain to be found to be disabling, there must be shown a medically determinable impairment which could reasonably be expected to cause not just pain, or some pain, or pain of some kind or severity, but the pain the claimant alleges she suffers. The regulation thus requires at the threshold a showing by objective evidence of the existence of a medical impairment 'which could reasonably be expected to produce' the actual pain, in the amount and degree, alleged by the claimant.")).)

In response to Plaintiff's objections, the Commissioner asserts that Plaintiff's arguments are meritless and do "not raise a new and material argument that was not already addressed in the Report and Recommendation . . . ." (ECF No. 23 at 1.) Accordingly, the Commissioner prays that the court adopt the Report in its entirety and affirm the Commissioner's final decision that Plaintiff was not disabled within the meaning of the SSA. (Id. at 2.)

C.    The Court's Ruling

Upon review of the Report, the court finds that the Magistrate Judge performed a thorough analysis of the record. In this regard, the court agrees with the Magistrate Judge that the ALJ's decision complies with the regulatory scheme and gives the proper weight, treatment, and consideration to the evidence in this case. In her Objections, Plaintiff merely rehashes arguments that were properly considered and rejected by the Magistrate Judge. (Compare ECF No. 15 at 14–28 and ECF 21 at 1–5.) Therefore, the court overrules Plaintiff's Objections because they do not suggest any new arguments that would cause the court to reject the Magistrate Judge's analysis and recommendation. Felton v. Colvin, C/A No. 2:12-cv-558, 2014 WL 315773, at *7 (E.D. Va. Jan. 28, 2014) ("The Court may reject perfunctory or rehashed objections to R & R's that amount to 'a second opportunity to present the arguments already considered by the Magistrate–Judge.'") (quoting Gonzalez–Ramos v. Empresas Berrios, Inc.,

360 F. Supp. 2d 373, 376 (D.P.R. 2005)).   The court further concludes in agreement with the Magistrate Judge that substantial evidence supports the decision of the Commissioner that Plaintiff was not disabled within the meaning of the SSA during the relevant time period.

## IV.     CONCLUSION

Upon careful consideration of the entire record, the court **AFFIRMS** the final decision of the Commissioner denying Plaintiff's claim for Disability Insurance Benefits.   The court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 18) and incorporates it herein by reference.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

September 28, 2015
Columbia, South Carolina